# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARIEL MENDEZ,<br>*Petitioner*,<br><br>v.<br><br>TIFFANY BELL,<br>*Respondent*. | No. 3:16-cv-02123 (JAM) |

## ORDER GRANTING MOTION TO DISMISS

Petitioner Ariel Mendez, a former federal inmate, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging a due process violation arising from a prison disciplinary finding. Because I conclude that the disciplinary procedures were constitutionally adequate, I will deny the petition for writ of habeas corpus.

### BACKGROUND

Petitioner is a former federal inmate who was sentenced to a 45-month term of imprisonment on January 8, 2013. On June 2, 2014, petitioner was permitted to transfer from prison to the Watkinson House Residential Re-Entry Center ("RRC") in Hartford, Connecticut.

On March 1, 2015, petitioner was subjected to a random breathalyzer test. The test yielded a result of a blood alcohol content ("BAC") of .034. Doc. #40-2 at 17. After a fifteen minute wait, a second test yielded a .036 BAC result. *Ibid.* On March 2, staff at Watkinson House issued an incident report, which was subsequently amended to correct a discrepancy. *Id.* at 1-2 (¶ 5).

On March 6, the Center Discipline Committee ("CDC") conducted a hearing at which petitioner conceded the positive breathalyzer results but blamed the calibration of the breathalyzer device. *Id.* at 11. The CDC concluded that petitioner had violated the alcohol policy.

1

The CDC relied on, among other evidence, the incident reports documenting the positive alcohol test results, petitioner's acknowledgement of program policies, log entries for petitioner's positive test results, the breathalyzer calibration log, and the petitioner's own admission as to the positive test results. Doc. #40-2 at 12.

On April 3, 2015, a Bureau of Prisons ("BOP") Disciplinary Hearing Officer ("DHO") reviewed the CDC's findings and concluded that the CDC hearing was in substantial compliance with the due process protections set forth in the BOP guidance governing the inmate discipline program. *Id.* at 2 (¶ 6). The DHO certified the CDC hearing and sanctioned petitioner with a loss of 41 days of good-time credit and a 1-month social pass restriction. *Ibid.*

Petitioner made a first level appeal on April 7, 2015, arguing that there had been an error in the initial incident report and that the corrected incident report was issued more than 24 hours after the alleged misconduct. Doc. #45-1 at 1. The Regional Director denied this appeal in a response dated May 8, 2015. *Id.* at 2.[1] In his second level appeal dated May 20, 2015, petitioner reasserted the same claims, but also made additional claims relating to the reliability of the breathalyzer. He claimed that Area Director Marty Meehan told petitioner 10 weeks after the disciplinary proceedings that the breathalyzer was not working properly and was replaced and that "those machine[s] do[] not last 2 month[s]." Doc. 45-2 at 2. Petitioner also argued that the Watkinson House staff member who administered the breathalyzer test and wrote up the incident report was only a "rookie" with three months experience and who no longer worked at Watkinson House. *Ibid.* After being remanded to secure custody, petitioner filed an additional

---

[1] To the extent petitioner raised these arguments in his petition for writ of habeas corpus, he abandoned them by failing to argue them in his response to respondent's motion to dismiss. *See Jackson v. Fed. Exp.*, 766 F.3d 189, 196 (2d Cir. 2014).

appeal making the same allegations. Doc. #45-3. Petitioner never received a written response to these appeals.

On September 24, 2015, while detained at a detention facility in Rhode Island, petitioner filed a habeas corpus petition in the District of Rhode Island raising the same claims as he would later raise in the instant case. Petitioner was then designated to a BOP facility in Pennsylvania. As a result, petitioner's habeas petition was dismissed without prejudice. *See generally Mendez v. Martin*, 2016 WL 2849598, at *1 (D.R.I.), *report and recommendation adopted*, 2016 WL 2732182 (D.R.I. 2016). Petitioner was released from BOP custody on May 19, 2016. Doc. #40-2 at 2 (¶ 7).

Petitioner filed this petition for writ of habeas corpus on December 29, 2016. Doc. #1. After an initial round of briefing and argument on the petition, the Court appointed counsel for the petitioner. Respondent has now moved to dismiss the petition. Doc. #40.

## DISCUSSION

A prisoner may challenge the execution of his prison sentence by means of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Petitioner claims that the disciplinary proceeding that resulted in his removal from Watkinson House and his loss of good-time credit violated his due process rights. The standard analysis for a claim of a violation of procedural due process "proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed . . . were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (*per curiam*).

*Liberty Interest and Mootness*

Respondent argues that the petition should be dismissed because petitioner has failed to allege a cognizable liberty interest. Respondent first argues that petitioner does not have any liberty interest in his placement in a residential re-entry program or any sentence reduction that would have resulted from completing the program. Petitioner does not dispute this point, but argues that he has a cognizable liberty interest in the 41 days of good-time credit that he lost. Respondent argues that, because petitioner is no longer in federal custody, his claim is moot. I disagree with respondent.

It is well-settled that prisoners enjoy a liberty interest in earned good-time credit. *See Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555–56 (1974)); *Walker v. Williams*, 2018 WL 264172, at *2 (D. Conn. 2018). The fact that petitioner is no longer in federal custody does not render his claim moot. Indeed, the Second Circuit has concluded that a district court could afford a petitioner on supervised release "effectual relief" in the form of a reduction in his term of supervision. *Levine v. Apker*, 455 F.3d 71, 77 (2d Cir. 2006); *see also United States v. Aldeen*, 792 F.3d 247, 250 n.2 (2d Cir. 2015); *Walker*, 2018 WL 264172, at *1 n.1. Because my obligation is to follow the law of the Second Circuit, I am not persuaded by respondent's citation to contrary unpublished precedent from the Third Circuit. *See* Doc. #47 at 2 (citing *Scott v. Holt*, 297 F. App'x 154, 156 (3d Cir. 2008)). Accordingly, I conclude that petitioner has adequately demonstrated the deprivation of a cognizable liberty interest and that his claim is not moot.

*Due Process*

"The due process protections afforded a prison inmate do not equate to 'the full panoply of rights' due to a defendant in a criminal prosecution." *Sira*, 380 F.3d at 69 (quoting *Wolff*, 418

4

U.S. at 556). "Nevertheless, an inmate is entitled to advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken." *Ibid.*

Judicial review of the sufficiency of findings made in any prison disciplinary procedure is limited to determining whether the disciplinary action is supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). This is an "extremely tolerant" standard. *See Sira*, 380 F.3d at 69. The standard is satisfied if it is supported by "*any* evidence in the record that supports" the disciplinary decision. *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000) (emphasis in original). Such evidence, however, must be "reliable evidence." *Sira*, 380 F.3d at 69; *Luna v. Pico*, 356 F.3d 481, 488 (2d Cir. 2004).

Petitioner advances two arguments why the prison disciplinary action violated his due process rights. First, petitioner argues that the DHO's disciplinary finding did not satisfy the "some evidence" standard. Second, petitioner argues that the DHO's failure to utilize a prescribed checklist in certifying the CDC disciplinary action amounted to a due process violation. I disagree with both of petitioner's arguments.

Here, the record demonstrates that petitioner's disciplinary disposition was supported by "some evidence." The CDC and the DHO relied upon the positive breathalyzer readings that yielded an initial result of .034 BAC and a subsequent result of .036 BAC. Petitioner admits the positive results, but claims that the breathalyzer was faulty. At his hearing, petitioner claimed the breathalyzer was not properly calibrated. The CDC considered petitioner's claim and, after consulting the calibration log, determined that petitioner's claim was unfounded.

Petitioner claims that it cannot be discerned from the calibration log whether the breathalyzer was properly calibrated and that the CDC did not adequately explain how the calibration log shows that the device was properly calibrated. But nothing in the calibration log casts doubt on the fact that the breathalyzer was calibrated. Doc. #40-2 at 24. To the extent any "issues" were found with any of the breathalyzers listed, there appears to have been a deviation of +.001 with one breathalyzer, no deviation in another breathalyzer, and a deviation of –.004 with another breathalyzer with an annotation of "temp instrument" followed by a second entry annotated as "recalibration" and +.003 deviation from standard. *Ibid.* While perhaps the log reflects the possibility of a slight inaccuracy, nothing in this log suggests the device would yield a false positive. The BOP Program statement on the Alcohol Surveillance and Testing Program states that a reading of .02 or higher shall be deemed a positive result. *See* BOP Program Statement 6590.07, *available at* https://www.bop.gov/policy/progstat/6590_007.pdf. Here, petitioner registered a .034 and 036, well above the .02 minimum and well in excess of any of the deviations listed on the calibration log. Moreover, the evidence does not show which of the breathalyzers were used for petitioner's testing.

Petitioner argues that the new evidence recited in petitioner's second level appeal of his disciplinary decision casts further doubt on the reliability of the evidence supporting his adjudication. Petitioner claimed in his second-level appeal that Area Director Marty Meehan told petitioner 10 weeks after the disciplinary proceedings that the breathalyzer was not working properly and was replaced and that "those machine[s] do[] not last 2 month[s]." Doc. 45-2 at 2. Petitioner also claims that the staff member who administered the breathalyzer was not certified and only worked at the Watkinson House for 3 months. *Ibid.* But these claims, which are principally hearsay, do not compel the conclusion that the breathalyzer used to test petitioner on

May 1, 2015, was unreliable. These claims go to the weight of the evidence relied on by the DHO. It is not the province of this Court, given the limited standard of review, to weigh the evidence presented to the DHO. *See Hill*, 472 U.S. at 455; *Hernandez v. Sepanek*, 2013 WL 556378, at *6 (E.D. Ky. 2013) ("[Petitioner's] argument that the flawed testing procedures gave rise to unreliable results goes to the weight of the evidence, and given the highly deferential standard of review, provides no basis for the Court to overturn the DHO's decision."). All in all, I conclude that the DHO's decision was supported by "some evidence."

Finally, petitioner argues that the DHO's failure to utilize the prescribed checklist for reviewing CDC disciplinary actions shows a due process violation.

> In order to ensure that all phases of the discipline hearing record are complete and the findings are based on facts, the procedures have been followed, and that any delays are justified, *the DHO shall complete the Checklist for Center Discipline Committee Certification form (BP-S494.073) and place it in the front of the CDC packet*. The DHO shall also sign and date the CDC Report on the top right side to certify compliance with disciplinary requirements. If the DHO is not satisfied that all criteria are met, they will return the packets and point out errors and omissions to be corrected.

BOP Program Statement 7300.09 § 5.7.3 (emphasis added); Doc, #40-3 at 6. Respondent concedes that the DHO failed to complete the checklist. Doc. #40-1 at 13.

Nevertheless, technical non-conformity with prison procedure is not a constitutional violation, so long as the disciplinary process conforms to the constitutional minimum requirements outlined by the Supreme Court in *Wolff*. *See, e.g.*, *Rodriguez v. Lindsay*, 498 F. App'x 70, 71 (2d Cir. 2012) (alleged failure to comply with BOP regulation requiring notice of disciplinary charge within 24 hours after alleged misconduct did not implicate due process rights) (citing *Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004)); *Bullock v. Reckenwald*, 2016 WL 5793974, at *11 (S.D.N.Y.) ("regardless of whether Respondent violated BOP regulations or the BOP Program Statement, if Petitioner has failed to demonstrate any due-process violations

7

under *Wolff*, his due-process claims must fail"), *report and recommendation adopted*, 2016 WL 5719786 (S.D.N.Y. 2016); *see also Harris v. Taylor*, 441 F. App'x. 774, 775 (2d Cir. 2011) (non-compliance with state law or prison administrative directive does not support a due process violation under § 1983).[2] Therefore, the failure to use a checklist required by a BOP policy statement, which is nothing more than a prophylactic measure to ensure prisoner's rights are not violated, does not itself amount to a violation of petitioner's due process rights.

True enough, some courts have intimated that where a failure to follow a prison regulation prejudices a prisoner subject to disciplinary proceedings, it may amount to a due process violation. *See Agosto v. Hufford*, 2014 WL 2217908, at *4 (S.D.N.Y.) ("To the extent courts have suggested that non-compliance with BOP regulations could independently constitute a due process violation, the petitioner has been required to demonstrate prejudice from the noncompliance."), *report and recommendation adopted*, 2014 WL 2217925 (S.D.N.Y. 2014); *Williams v. Menifee,* 2006 WL 2481823, at *5 (S.D.N.Y. 2006) (reviewing alleged claims of non-compliance with BOP procedures and noting that in absence of prejudice, there could not be a violation of due process), *aff'd*, 331 F. App'x 59 (2d Cir. 2009); *see also Berkun v. Terrell*, 2011 WL 4753459, at *3 (E.D.N.Y. 2011) (noting that failure to meet regulatory deadlines cannot support a due process claim "particularly where, as here, the petitioner suffered no prejudice by the delay").

But even assuming a showing of prejudice resulting from a failure to follow prison procedure could support a due process violation, petitioner has failed to demonstrate how the failure to use the checklist caused prejudice. In essence, petitioner argues that if the DHO used the checklist, he would have viewed the evidence in a light more favorable to the petitioner. Doc.

---

[2] Petitioner appears to have abandoned his argument made earlier in the litigation of this case that the DHO's failure to utilize the DHO checklist amounted to a violation of the "laws" of the United States. *See* 28 U.S.C. § 2241(c)(3).

#40 at 12-13. It is purely speculative that the DHO would have viewed the evidence any differently had he executed the checklist. In the absence of any demonstrable prejudice, plaintiff cannot make out a due process violation for the DHO's failure to use the prescribed checklist.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss (Doc. #40) is GRANTED. The petition for writ of habeas corpus (Doc. #1) is DENIED. The Court expresses its appreciation to attorney Allison Near for her acceptance of the Court's appointment of counsel and her capable representation of petitioner in this case.

It is so ordered.

Dated at New Haven this 23rd day of August 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge